GENEVIEVE THATER, as Guardian ad Litem for ROSEMARY THATER, Respondent, *v.* RALPH MARGREY, Appellant.

Fourth Department, June 27, 1934.

*Oscar J. Brown,* for the appellant.

*Bernard L. Alderman* [*Herbert Herman* of counsel], for the respondent.

PER CURIAM. Plaintiff. a resident of New York State, sued defendant, a resident of the State of Maine, for personal injuries, by serving a summons and complaint upon our Secretary of State pursuant to section 52 of the Vehicle and Traffic Law. Defendant procured an *ex parte* order, pursuant to section 53 of said law, requiring plaintiff to give security for costs, which order stayed proceedings on behalf of plaintiff until the security should be given. Plaintiff neglected to give the security and defendant moved for a dismissal of the complaint because of such neglect. (Civ. Prac. Act, § 1529.) Plaintiff made a counter demand for an order vacating the previous order which required the giving of security. This counter demand was based upon a showing that plaintiff was an infant and financially unable to give the security. The order appealed from granted the prayer of plaintiff's counter demand.

The only provision requiring plaintiff to give security for costs in this kind of action is contained in section 53 of the Vehicle and Traffic Law, which provides that plaintiff shall give the security " in the manner prescribed in article eighty-seven of the Civil Practice Act," etc. Though nothing in the Vehicle and Traffic Law (section 53 or otherwise) specifically provides that, for plaintiff's failure to give the security, the complaint may be dismissed, still we think that section 53 must be related to the whole chapter (87) of the Civil Practice Act, for otherwise section 53 would have provided for the giving of security in the manner prescribed only in a single section (1524) of the Civil Practice Act instead of in the manner prescribed in the whole chapter (87) which deals not only with the giving of security but also with the results flowing from a failure to give the security. We find nothing in the law to encourage the claim that infants and poor persons are exempted from the duty to give the security or the penalty flowing from a failure to do so. Plaintiff should be given another opportunity to give the security.

The order appealed from should be reversed, with ten dollars costs and disbursements, and motion to vacate order for giving of security denied, and the matter should be remitted to the Special Term to pass upon motion for dismissal of the complaint if security for costs be not given.

Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

All concur, except SEARS, P. J., and TAYLOR, J., who dissent from so much of the order as remits the matter to the Special Term and vote for denial of the motion to dismiss on the ground that section 1529 of the Civil Practice Act, has no application.

Order reversed on the law, with ten dollars costs and disbursements, and motion to vacate order giving security for costs denied, and matter remitted to Special Term to determine motion for dismissal of the complaint.